UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRUZ ROBLES,

    Plaintiff,

v.                                                       Case No. 17-C-708

JENNIFER WIDDMAN, et al.,

    Defendants.

**ORDER**

Plaintiff Cruz Robles, who is incarcerated at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition for leave to proceed without prepaying the full filing fee.

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing fee of his complaint, as required under 28 U.S.C. § 1915(a)(2). Plaintiff lacks the funds to pay the partial filing fee. Therefore, the court waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff's motion to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

The precise nature of Robles' action is unclear. Robles claims he was wrongfully incarcerated from April 21, 2015 to December 1, 2015 in Waukesha County, Wisconsin Case No. 2011CF1116. He alleges that his sentence was intended to be consecutive, but his probation agent wrongfully determined that his sentence was concurrent. This makes no sense. If his sentence was supposed to be consecutive and his PO made it concurrent, how did this error result in extra time in jail? It should have caused less.

Robles also asserts that Judge Foster ordered that his sentence be consecutive to any other sentence. He claims that as a result of the imposition of the consecutive sentence, his probation agent revoked his probation on September 26, 2013, and he began serving the wrongfully imposed sentence on or about April 21, 2015. But this doesn't follow either. If the judge imposed a

2

consecutive sentence, what did his PO have to do with it? Revoking his probation doesn't affect the sentence imposed by the judge.

Based on these confused factual allegations, Robles has brought this 42 U.S.C. § 1983 action against his parole agent, her supervisor, and the regional supervisor seeking an award of damages for each day he was wrongfully incarcerated as well as lost wages at $15.00 per hour. Although pro se filings are to be read liberally, Robles' complaint does not provide enough facts to determine whether he states a claim upon which relief may be granted. The complaint does not allow any of the named defendants or the court to understand what they are alleged to have actually done or not done that caused him to serve additional time in jail over and above what the judge ordered as his sentence. Robles needs to tell the court and the defendants the who, what, when, and where of his claim, and what injury or damage the defendants' actions actually caused the plaintiff. The essential function of a complaint is to provide such notice, *see* Federal Rule of Civil Procedure 8(a), and the defendants should not be forced to incur the cost of defending themselves in a federal lawsuit absent some indication that the plaintiff has a cognizable federal claim and enough information so they know what his claim is about.

I also note that in order for a plaintiff to prevail on an Eighth Amendment claim for continued incarceration beyond the lawful sentence imposed by the court, the plaintiff must show more than a mere mistake by government officers or employees. To establish liability under § 1983 on such a claim, a plaintiff must prove three elements:

> First, a plaintiff must demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's

3

> plight. Finally, the plaintiff must show a casual connection between the official's response to the problem and the unjustified detention.

*Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993); *see also Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001) (noting that "courts that have recognized this problem have been careful to note that the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated"). In other words, if Robles' incarceration was extended beyond the sentence imposed by law, he must show it was the result of something more than a simple mistake in order to establish a federal claim.

Some of the confusion may be the result of Robles' use or misuse of the terms "concurrent" and "consecutive" sentence. The court notes that concurrent sentences are sentences that are served at the same time, while consecutive sentences are served sequentially, one after another. Based on the allegations of Robles' complaint, it appears he received his intended sentence, which would mean that he was not wrongfully incarcerated. Therefore, if Robles wishes to proceed, he must file an amended complaint that clearly sets forth the who, what, when, and where of what he alleges occurred within the next thirty days. Failure to do so will result in the dismissal of the action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

4

**IT IS THEREFORE ORDERED** that the motion to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED without prejudice**.

**IT IS ALSO ORDERED** that Robles shall file an amended complaint on or before **August 13, 2017** curing the defects in the original complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

5

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders for other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this   14th   day of July, 2017.

                                                     s/ William C. Griesbach
                                                   William C. Griesbach, Chief Judge
                                                   United States District Court